## In re PRESNICK.

District Court, S. D. New York.

Dec. 2, 1941.

Nathaniel H. Mandelker, of New York City (Michael Berman, of New York City, of counsel), for trustee.

M. Allen Cutler, of Brooklyn, N. Y., for bankrupt. ·

LEIBELL, District Judge.

After examining the record herein I have concluded that the referee erred in dismissing the specification which charged that the bankrupt refused to obey an order of this court directing the bankrupt, as debtor in possession in a Chapter XI Arrangement Proceeding, 11 U.S.C.A. § 701 et seq., to deposit any and all funds coming into his hands in an authorized depository. The said order was prepared and submitted by the bankrupt's own attorney. On the argument before me this was the only specification relied upon by the trustee's attorney.

The bankrupt made no attempt to comply with the order in question. The type of business, a small restaurant, and the amount of the daily gross cash receipts (about $50 a day) have been offered as an excuse for failure to comply. Bankrupt says he paid cash for supplies and help.

On July 21, 1941, the bankrupt swore to a statement of his receipts and disbursements for the period of March 6, 1941 to April 2, 1941, while he was the bankrupt in possession of the restaurant business. On August 6, 1941, he swore to a statement of "daily receipts and daily disbursements from March 6, 1941 to April 2, 1941", annexed to which were nine receipted bills. Both statements were filed with the referee. A comparison of the two statements shows that in some respects they can not be reconciled. The daily disbursements statement shows that the bankrupt paid himself during that period various sums totalling $173; paid a dishwasher sums totalling $69, and paid a counterman sums totalling $55. But the summarized statement sworn to July 21, 1941, lists these totals as $120 to the bankrupt, $48 to the dishwasher and $56 to the counterman.

For many of the items of disbursements no bills or invoices were filed. As to the receipted bills: the bill of I. M. Burnap & Co. lists an item of March 4, 1941, mdse. $11.58; the bill of Tri-Boro Provision Co., Inc., lists items of April 4th, $1.51 and April 5th, $11.72. These items are outside the period involved. Two of the bills of Tesco Farms seem to have had their dates changed, the one dated 3/19 appears to have been 4/19 and the one dated 3/6 was 8/6. The bill of G. H. P. Cigar Co., Inc., was not paid until May 2, 1941.

The objecting creditor attacked the summarized statement of the bankrupt's account sworn to July 21, 1941, which showed $1,162.53 taken in and $1,200.24 allegedly disbursed over the period in question. The bankrupt then filed the statement sworn to August 6, 1941. No satisfactory explanation was given for about half the disbursements. The referee concluded that "the business was necessarily conducted upon a cash basis and there was no balance sufficient at any time to be deposited in an authorized depository which usually requires a minimum balance of several hundred dollars." I do not agree with this conclusion.

We should consider the serious consequences of permitting a disregard of the provision for deposit of funds, when a bankrupt is continued in possession in a Chapter XI proceeding. If the bankrupt had wished to be relieved from compliance, he should have had the order amended. There is no way of keeping track of what a bankrupt may do while in possession of a business of this type. He is paid in cash. All he entered was the total of the day's receipts, so there is no way of challenging that figure. If he pays in cash and does not bother getting receipts, the creditors are at a disadvantage. I believe that he could have paid most of the bills by check.

He at one time had kept a bank account for this business. It would be worth the small expense of a checking account for the creditors to have this protection at least. The bankrupt took good care of himself out of the cash he admits receiving. He also looked after his own interests when he arranged to have the lease of the restaurant renewed in his wife's name, instead of his own. The result was that the business could not be sold as a going concern and an offer for it as such had to be rejected. This cost the estate about $900.

The bankrupt failed to comply with the order of the court, dated March 14, 1941, requiring him while a bankrupt in possession, in a Chapter XI proceeding, to deposit all funds coming into his hands in an authorized depository. Under Section 14, sub. c.(6), 11 U.S.C.A. § 32, sub. c(6), his discharge should have been denied. Reversed.